**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** by and for the benefit of LAKE ERIE ELECTRIC OF COLUMBUS, INC. 7820 D Corporate Boulevard Columbus, OH 43064, <br><br> Plaintiff, <br><br> v. <br><br> **NORTH AMERICAN SPECIALTY INSURANCE COMPANY** 1200 Main Street Suite 800 Kansas City, MO 64105 <br><br> Defendant. | CASE NO. <br><br> **JUDGE** <br><br><br><br><br> **COMPLAINT FOR MONEY DAMAGES** |

Plaintiff Lake Erie Electric of Columbus, Inc. ("LEE"), for its Complaint against North American Specialty Insurance Company ("NAS"), by and through their undersigned counsel, alleges and states as follows:

## INTRODUCTION

1. This is an action by LEE to recover money damages on a payment bond ("the Bond") furnished by NAS, as surety, on behalf of LGC Global, Inc. ("LGC") pursuant to the Federal "Miller Act" related to a construction Subcontract Agreement between LEE and LGC negotiated in January 2019, as amended and supplemented (the "Subcontract").

2. LEE's claims against NAS arise from work LEE performed under the Subcontract as electrical subcontractor to LGC on the United States Government's public improvement construction project generally known as the Renovate Hangar 885 project at Rickenbacker Air National Guard Base in Columbus, Ohio ("the Project")

1

**PARTIES**

3. LEE is an Ohio corporation in good standing that maintains its principal place of business in Columbus, Ohio.

4. Upon information and belief, NAS is a New Hampshire corporation that maintains its principal place of business in Kansas City, Missouri.

**JURISDICTION AND VENUE**

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) since a substantial amount of the events giving rise to the Complaint occurred in this district.

6. Personal jurisdiction is proper because NAS regularly conducts business within this district and all events giving rise to LEE's Complaint occurred within this district.

7. Subject matter jurisdiction is proper under 28 U.S.C. § 1331 on LEE's claims under 40 U.S.C. § 3131, *et seq*. ("the Miller Act").

8. The Miller Act requires that any action or suit on the Bond be brought in the United States District Court for any district in which work on the Project was to be performed and executed, and not elsewhere.

**FACTS**

9. LGC entered into a prime contract with the United States of America, PFO for Ohio ("USPFO") for the Project, which is also known as Project No. NLZG102008.

10. In connection with the Project, LGC obtained and furnished to the USPFO a Federal "Miller Act" payment bond pursuant to which NAS, as surety, bound itself jointly and severally with LGC, as principal, to pay any and all unpaid amounts due any person having a direct relationship with LGC for furnishing labor, material or both in connection with the Project up to the stated penal sum of $13,810,000.00 ("the Bond"). Attached as Exhibit A is a copy of the Bond.

11. In January 2019, LGC entered into the Subcontract with LEE in connection with the Project. Attached as Exhibit B is a copy of the Subcontract.

12. The scope of LEE's work under the Subcontract included electrical work as more fully described in the Subcontract documents ("the Subcontract Work").

13. LEE substantially completed all the Subcontract Work for the Project in a good and workmanlike manner and pursuant to the plans, specifications and other Subcontract documents, as amended or as supplemented, and as otherwise directed by LGC.

14. LEE satisfied all conditions precedent to payment under the Subcontract.

15. LEE substantially completed the Subcontract Work despite unforeseen and/or changed conditions, extra work, schedule changes, delays and loss of productivity that adversely impacted the Project completion and cost of LEE's performance of the Subcontract Work.

16. In connection with encountering such unforeseen and/or changed conditions, extra work, schedule changes, delays and loss of productivity that adversely impacted the Project completion, LEE furnished additional labor and services at the Project and made claims for equitable adjustment under the Subcontract for additional costs, including extended Project general conditions costs, lost productivity and associated job impact damages.

17. LEE issued multiple notices of claim to LGC and to NAS for unpaid invoices, change order work, and additional labor and services that LEE furnished at the Project, ultimately asserting claims for totaling no less than $1,236,258.68.

18. After LGC wrongfully ignored and refused to pay LEE's claim for unpaid invoices, change orders, and additional labor and services that it furnished at the Project, LEE made a claim against NAS under the Bond for the unpaid contract balance and the additional labor and services that LEE furnished under the Subcontract ("LEE's Bond Claim").

19. NAS has failed and refused to pay LEE's Bond Claim.

20. NAS owes LEE under the Bond an amount of at least $1,236,258.68, plus interest, which represents the balance due LEE for base Subcontract Work, change orders, and LEE's additional labor and services due to the multiple delays, hindrances, interferences, disruptions, and associated job impacts at the Project.

## COUNT 1
### Claim On Bond

21. LEE incorporates by reference all of the preceding paragraphs as if fully rewritten.

22. The United States of America brings this claim for the use and benefit of LEE in accordance with 40 U.S.C. Section 3131, *et seq*. ("the Miller Act").

23. LEE has a contract directly with LGC, as prime contractor to the USPFO.

24. NAS furnished the Bond, as surety, on behalf of LGC, as principal.

25. LEE supplied labor and services in connection with the prosecution of a portion of the work on the Project, for which it has not been paid in the amount of at least $1,236,258.68.

26. LEE performed the last of the aforesaid labor and services more than ninety days before the filing of this action.

27. LEE performed the last of the aforesaid labor and services less than one year before the filing of this action.

28. At the time of the institution of this action, the unpaid balance owed to LEE for the aforesaid labor and services is at least $1,236,258.68, which amount LEE is entitled to recover against the Bond.

29. LEE is entitled to recover from NAS at least $1,236,258.68 pursuant to the terms of the Bond and under the Miller Act.

WHEREFORE, with respect to Count 1, plaintiff LEE demands and prays for money judgment against NAS in an amount of at least $1,236,258.68 to be proven at trial. On this Count, LEE also requests an award of costs, expenses, prejudgment interest and attorneys' fees, and prays for such other legal and equitable relief against NAS as the Court deems just and proper.

Respectfully submitted,

/s/ Philip J. Truax
Philip J. Truax (0079124)
Robert J. Lally (0060133)
Truax Law Group, Ltd.
5505 Detroit Road, Suite E
Sheffield Village, Ohio 44054
P: (440) 534-6733 | F: (440) 543-6742
phil@truaxlawgroup.com
rob@truaxlawgroup.com

*Counsel for Plaintiff*
*Lake Erie Electric of Columbus, Inc.*